Aaron Cronan, OSB 082964
aaron@aaroncronanlaw.com
Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

CATALINBREAD LLC,

               Plaintiff,

v.

SCOTT MILLER,
HOWARD GEE,
BORIS LUTKSOVSKY, and
MICHAEL ERICKSON

               Defendants.

Case No. 3:18-cv-1795

**COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES**

Violations of Defend Trade Secrets Act (18
U.S.C. § 1831 *et seq.)*, Oregon Uniform Trade
Secrets Act (O.R.S. § 646.461 *et seq.*),Com-
puter Fraud and Abuse Act (18 U.S.C. § 1030
*et seq.*), Fraud and Conspiracy to Commit
Fraud; Intentional Interference with Busi-
ness Relations; Breach of Contract; Trespass
to Chattels; Breach of Fiduciary Duty

**DEMAND FOR JURY TRIAL**

Plaintiff Catalinbread, by and through its counsel, for its complaint against Defendants Scott Miller, Howard Gee, Boris Lutksovsky and Michael Erickson, hereby alleges as follows:

## INTRODUCTION

1.    This case concerns a calculated and deliberate effort of Defendants, former employees of Plaintiff, to cause economic harm to the company, misappropriate Plaintiff's intellectual property, tangible property, and protected trade secrets, for Defendants' own use and adverse to Plaintiff's interests. Defendants, while still working for Plaintiff, conspired to enter into competition with Plaintiff, using trade secrets and intellectual property rightfully owned by Plaintiff, with the ultimate objective of running Plaintiff out of business and taking all of Plaintiff's business. After Plaintiff became aware of Defendants' actions and demanded that Defendants cease their unlawful activities, Defendants took Plaintiff's physical and electronic property with the intent to permanently deprive Plaintiff. Defendants communicated plans, took steps and actually succeeded in deleting electronic files containing Plaintiff's trade secrets, intellectual property and information critical for the operations of the business. Plaintiff has already suffered injuries and is certain to suffer further injury as the proximate result of Defendants' unlawful conduct.

## PARTIES

2.    Plaintiff Catalinbread LLC is a limited liability company, organized and existing under Oregon law, with its principal place of business in Portland,

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

Oregon (hereinafter "Catalinbread"). Plaintiff creates a variety of guitar pedals using innovative engineering and design techniques, which it sells across the United States and internationally.

3.    Defendant Scott Miller ("Miller") was Catalinbread's Sales Representative and assigned the role of temporary manager of Catalinbread following the untimely passing of the founder and owner, Nicholas Harris ("Harris"). Miller held this role until on or about October 20, 2017 when he resigned after becoming aware that Catalinbread's new owner, Mary Burkett ("Burkett"), mother and heir of Harris' business, had discovered the conspiracy to harm the company.

4.    Defendant Howard Gee ("Gee") was paid to design guitar pedals for Catalinbread until on or about October 20, 2017 when he resigned after becoming aware that Burkett had discovered the conspiracy to harm the company.

5.    Defendant Boris Lutksovsky ("Lutksovsky") was employed to provide information technology and computer support until terminated for cause on or about October 26, 2017.

6.    Defendant Michael Erickson ("Erickson") was employed to provide customer service and artist relations until he resigned on or about October 23, 2017.

## JURISDICTION

7.    This Court has subject matter jurisdiction over federal question claims under the Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.*, and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, pursuant to 28 U.S.C. § 1331.

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

Additionally, this Court has supplemental jurisdiction over all other claims herein asserted pursuant to 28 U.S.C. § 1367, because all claims rise from the same controversy.

8.    This Court has personal jurisdiction over all parties because they reside in or have their principal place of business or employment in the District of Oregon.

9.    Venue is proper in this Court because the transactions giving rise to this action occurred in the District of Oregon and all parties reside in or have their principal place of business in the District of Oregon. Venue is proper in the Portland Division because the events giving rise to the claim occurred in the counties over which the Portland Division presides.

## FACTS OF THE CASE

10.    Catalinbread was founded in 2003 by Harris as a producer of specialized guitar distortion pedals.

11.    Defendants were employees of Catalinbread prior to the events in this action.

12.    Since its founding, Catalinbread developed a national reputation for producing unusual and innovative pedals, which were used by numerous prominent musicians and are sold across the United States and internationally.

13.    Catalinbread developed and continues to maintain proprietary and confidential information, plans, designs, schematics, programs, lists, and knowhow related to the design, manufacture, sales of its products, as well as valuable and

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

confidential information regarding the operations of the business. Collectively, all of this information constitutes Catalinbread's valuable trade secrets, its "secret sauce." Catalinbread took reasonable and appropriate steps to secure and protect the trade secrets, including but not limited to: adopting confidentiality policies and procedures in its employee handbook; maintaining a secure computer network, protected by passwords and limiting user accounts to employees with password requirements; and deprovisioning employees who left employment.

14.     Harris died unexpectedly on March 9, 2016, when his vehicle was struck by tree felled in a windstorm. Melissa Palmer, Nicholas' sister, was appointed to administer his estate. Ownership then passed after probate to Nicholas' mother, Mary Burkett. Burkett is currently the sole owner of Catalinbread and remains active in its administration.  Probate closed in or around June 2017.

15.     After Burkett assumed control of the company in June 2017, production suddenly and without explanation fell significantly below prior levels.

16.     Because Scott Miller was the acting manager, Burkett sought explanations from Miller regarding the drop in production. Burkett requested updates and detailed reports from Miller. Miller ignored or outright refused to comply with the requests.

17.     During this same time period, Defendants were using Catlinbread laptops to communicate privately on the online messaging service Slack. Defendants used Slack to communicate plans to compel Burkett to sell them the

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

company by making it difficult if not impossible to continue operations if she refused.

18.     In the course of this action, Defendants conspired to delete and successfully deleted entire threads of the Slack conversations to prevent discovery by Burkett. Upon information and belief, the communications were deleted after notice of Plaintiff's investigation and their full knowledge of likely litigation.

19.     In or about August 2017, Miller and Gee started insisting that Burkett sell them the company and that Burkett provide financing for the sale.

20.     In or around September 2017, Defendants started taking overt steps towards founding a new company to compete directly against Catalinbread, including removing components for building product, proprietary development parts and breadboards[1] from Catalinbread with the specific intent of recasting proprietary and unreleased Catalinbread prototypes as competing pedals. Defendants also started making plans to raise funds for their new competing venture. Around this time, Defendants purchased domain names for use with the planned competing company.

21.     Defendants continued to work for Catalinbread as they planned their new competing company, and repeatedly reminded each other to do the "bare minimum" yet "play poker face" while working at Catalinbread so as not to arouse suspicion.  While being paid for company work, Scott Miller scheduled and held

---

[1] A breadboard is a construction base for guitar pedals and other electronics, generally used for creating prototypes.

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

meetings with the staff to plan for the new company.

22.    In or around October 2017, as Defendants demonstrated concern that Catalinbread would discover their plans, Defendants accessed Catalinbread's Slack account and Catalinbread's on-site computers and, without authorization, deleted company-owned information that could reveal their plans for their new company. Defendants deleted their own Slack conversations and "channels" created on Catalinbread's Slack account. They deactivated or deleted accounts of current and former employees, including Harris' own legacy account and that of Harris' sister, Melissa Palmer, who were not cooperating and posed a threat of discovery of the conspiracy plans.

23.    In or around October 2017, Gee, going by his known nickname Kittycaster, and Lutksovsky, created a second Slack channel that allowed Defendants to communicate outside of Catalinbread's system.

24.    In or around September and October 2017, Defendants planned a trip to the annual National Association of Music Merchants conference ("NAMM show"), using Catalinbread's funds and resources, in order to raise funds and awareness of their new competing venture. Defendants represented this trip to Catalinbread as a networking trip for Catalinbread's benefit. Defendants expressly planned to buy non-refundable tickets so they would still be able to use arrangements paid for by Catalinbread even if they left the company and went into competition against Catalinbread.

25.    In or around October 2017, Defendants conspired to use and began

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

using Catalinbread's proprietary engineering to develop a line of competing products, while purporting to work on Catalinbread's time and using Catalinbread's resources. Defendants discussed getting the work done "on [Catalinbread] paychecks" so they would not be "burning this money on salaries" of their competing venture. Defendants Gee and Lutksovsky made efforts to work from home as much as possible so they would not be discovered working on their own projects where they would be seen by Catalinbread ownership or other employees.

26.    On or around October 13, 2017, Defendants conspired to coerce Burkett to sell Catalinbread to them or they would cause the company to self-destruct. Defendants expressed through Slack their dual hopes that this plan would lead to them having their own venture, while having Catalinbread as a venture "end badly" for Burkett.

27.    On or around October 14, 2017, Defendants took overt steps to cause Catalinbread to self-destruct, including falsely and without authorization marking supplies as out of stock and downloading protected build of material ("BOM"), cost of goods ("COG") schematics, product structures, files, and other data from Catalinbread computers and making copies for later appropriation.

28.    On or around October 14, 2017, Defendants took steps to download NAMM show badges and purchase non-refundable tickets using Catalinbread resources for use under their new venture.

29.    On or around October 14, 2017, Defendants resolved to stop producing, but still collect wages from Catalinbread, in order to coerce Catalinbread to either

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

fire them, in which case they would seek unemployment, or sell them the business.

30.    On or around October 18, 2017, Burkett made a good faith effort to engage Defendants and offered a way forward that would foster cooperation and protect Catalinbread from further injury.

31.    On or around October 18, 2018, at the same time Burkett was meeting with Catalinbread employees and again immediately following the end of business, Defendants escalated their efforts to pull as much proprietary and secret information from Catalinbread computers as they could, and accelerated work on establishing the competing venture, using Catalinbread resources, before access could be fully denied.

32.    On or around October 18, 2017 and shortly thereafter, upon realizing that their plans had been discovered by Catalinbread, Defendants expressly misrepresented and lied about their actions and the intentions, with the hope of "stringing [Burkett] along" in order to buy more time to convert Catalinbread resources and develop competing products while still being paid by Catalinbread. Defendants falsely informed Burkett that they did not use Slack so that she would not find their plans. Defendants purged their company phones, deleted as much information as they could from Catalinbread computers, changed and deleted online passwords, purged Catalinbread laptops, and took as much Catalinbread property as they could before Miller, Gee and Erickson quit. Lutksovsky was terminated for cause a few days later.

33.    At least as early as October 2017 and ongoing, Defendants continued

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

to design their new competing line of products, built directly off of Catalinbread information and property, while simultaneously initiating a smear campaign against Catalinbread with the express intention that Catalinbread would no longer be able to sell to distributors "should [Burkett] be able to resuscitate" the company. As if to broadcast their intent, Defendants renamed their Slack channel "Catalindead."

34.    As the direct and proximate result of the intentional, planned and systematic deletion, removal and destruction of company assets, Burkett and Catalinbread were forced to expend significant time and money to restore business operations; the business incurred substantial and near terminal losses in revenue, sales, production, and suffered irreparable damage to its reputation.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets Under the Defend Trade Secrets Act (18 U.S.C. § 1831, *et seq.*))

35.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though set forth fully herein.

36.    Plaintiff owns and possesses aforementioned confidential and proprietary trade secret information, which is financial, scientific, business, economic, technical, or engineering in nature.

37.    Plaintiff has taken reasonable measures to keep said information

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

secret and confidential.

38.     Plaintiff's said information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

39.     Plaintiff's said information relates to the products and services now and in the future used, sold, shipped, and ordered in interstate and foreign commerce.

40.     Upon information and belief, Defendants, individually and in concert, acquired said trade secrets by improper means.

41.     Upon information and belief, Defendants knew or had reason to know that said trade secrets were obtained by improper means.

42.     Upon information and belief, Defendants disclosed or used, or intended to disclose or use, said Plaintiff's trade secrets without the consent of Plaintiff or any other person authorized to consent to use at the time of disclosure or use.

43.     Upon information and belief, Defendant obtained said trade secrets through theft, misrepresentation, breach of duty to remain secrecy, and inducement of breach of duty to remain secrecy.

44.     Upon information and belief, Defendant did not obtain said trade secrets through reverse engineering, independent derivation, or any other lawful means of acquisition.

45.     As a direct and proximate result of Defendants' misappropriation,

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

Plaintiff has been damaged in an amount to be determined at trial, and therefore Plaintiff is entitled to an award of reasonable attorney's fees and costs incurred herein pursuant to 18 U.S.C. § 1836(b)(3)(C).

## SECOND CLAIM FOR RELIEF

### (Misappropriation under Oregon Uniform Trade Secrets Act)

46.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though set forth fully herein.

47.    The Oregon Uniform Trade Secrets Act, O.R.S. § 646.461 *et seq.* ("OUTSA"), allows a party to recover compensatory damages in the form of actual losses stemming from the misappropriation of a trade secret, and the unjust enrichment experienced by the party liable for misappropriation.  In addition, upon a showing of willful or malicious misappropriation, punitive damages may be awarded in an amount not exceeding twice any compensatory damages.

48.    The OUTSA also allows for the temporary, preliminary and permanent enjoinment of actual or threatened misappropriation.

49.    The OUTSA further allows the award of attorney fees and punitive damages upon a finding of willful or malicious misappropriation of a trade secret.

50.    Under the OUTSA, "trade secret" is defined broadly to mean "[i]nformation, including a drawing, cost data, customer list, formula, pattern, compilation, program, device, method, technique or process that:

> (a) Derives independent economic value, actual or potential, from not
>
> > being generally known to the public or to other persons who can

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

obtain economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

51.    Under the OUTSA, "misappropriation" is defined as:

(a) "Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means;

(b) or use of a trade secret of another without express or implied consent by a person who used improper means to acquire knowledge of the trade secret;

(c) Disclosure or use of a trade secret of another without express or implied consent by a person who, before a material change of position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake; or

(d) Disclosure or use of a trade secret of another without express or implied consent by a person, who at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was:

(A)    Derived from or through a person who had utilized improper means to acquire it;

(B)    Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

(C)     Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use." O.R.S. § 646.461(2).

52.    Under the OUTSA, "improper means" is defined to include: "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy or espionage through electronic or other means." O.R.S. § 646.461(1).

53.    Plaintiff owns and possesses information aforementioned confidential and proprietary trade secret information.

54.    Plaintiff has taken reasonable efforts under the circumstances to maintain the secrecy of said information.

55.    Plaintiff's said information derives independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

56.    Upon information and belief, Defendants, individually and in concert, acquired said trade secrets by improper means.

57.     Upon information and belief, Defendants knew or had reason to know that said trade secrets were obtained by improper means.

58.    Upon information and belief, Defendants disclosed or used, or intended to disclose or use, said Plaintiff's trade secrets without the consent of Plaintiff or any other person authorized to consent to use at the time of disclosure or use.

59.    Upon information and belief, Defendant obtained said trade secrets through theft, misrepresentation, breach of duty to remain secrecy, and inducement

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

of breach of duty to remain secrecy, through electronic or other means.

60.    Upon information and belief, Defendant did not obtain said trade secrets through reverse engineering or independent development alone.

61.    Defendants willfully and maliciously acquired and used that information knowing that they were doing so by improper means.

62.    As a results of Defendants' willful and malicious misappropriation of its trade secrets, Plaintiff has suffered damages in an amount to be proven at trial and is entitled to compensatory and punitive damages, pursuant to O.R.S. § 646.465.

63.    Plaintiff also requests that the Court grant permanent injunctive relief against each and every Defendant under O.R.S. § 646.463, enjoining them:

(a) From further access to Plaintiff's data, files, records, information and accounts, including all proprietary prototypes and other forms of intellectual property embodied therein, and the computers on which such items are stored (collectively, "Plaintiff's Protected Information");

(b) From use of Plaintiff's Protected Information;

(c) To return all company property, including all copies of Plaintiff's Protected Information;

(d) Pending discovery and final judgment in this action, from deleting or altering in anyway the data, metadata, information, files, records and documents contained on any company electronic device or

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

computer, or any device in their possession, custody, or control
containing data, files, records, information accessed or downloaded
from company computers, Slack channels, or cloud computer-based
accounts;

(e) Soliciting or initiating contact with any distributors or retailers
engaged in the sale or distribution of guitar pedals; and

(f) Owning, managing or being employed by any business engaged in
the sale or distribution of guitar pedals.

64.    Plaintiff has and will continue to suffer irreparable harm unless
Defendants are so enjoined.  Plaintiff lacks an adequate remedy at law to protect it
from this harm and to compensate it for the damages and loss suffered and that it
will continue to suffer from Defendants' misappropriation of its trade secrets.  In
addition to the irreparable harm that will occur to Plaintiff's ability to effectively
compete in the marketplace if its trade secrets and confidential and proprietary
information are used by Defendants to compete against it, or otherwise
disseminated to Plaintiff's competitors or the general public, Plaintiff will suffer
irreparable harm to its ability to maintain the secrecy and confidentiality of its
trade secrets and confidential information, and thereby suffer a loss of the right to
protect such information as a trade secret and as confidential.  If the
misappropriated and wrongfully obtained information are not returned, Plaintiff's
ability to maintain and protect its secrecy and confidentiality will be compromised if
not wholly eviscerated.

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

65.    Plaintiff is entitled to an award of reasonable attorney's fees and costs incurred herein pursuant to O.R.S. § 646.467.

### THIRD CLAIM FOR RELIEF
### (Violation of Computer Fraud and Abuse Act)

66.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though set forth fully herein.

67.    The Computer Fraud and Abuse Act ("CFAA") is codified at 18 U.S.C. § 1030 *et seq.* The CFAA subjects any person to criminal and civil liability who intentionally or with fraudulent intent accesses a protected computer without authorization or in excess of authorized access, and thereby obtains a thing of value in furtherance of an object of fraud, or causes damages and/or loss.

68.    Plaintiff's computer system is used for sales in interstate commerce and is therefore a "protected computer" under the CFAA. *See* 18 U.S.C. § 1030(e)(2)(B).

69.    Upon information and belief, Defendants, individually and in concert, knowingly and intentionally exceeded authorized access to Plaintiff's computer system by login into restricted systems for purposes and activities in violation of company policies and employee authority, including but not limited to copying and deleting protected, confidential and trade secret information, deleting communications, changing passwords and login credentials

70.    Upon information and belief, Defendants, individually and in concert, knowingly and intentionally accessed Plaintiff's computer system after such

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

authorization was revoked by logging into restricted systems for purposes and activities in violation of company policies and employee authority, including but not limited to copying and deleting protected, confidential and trade secret information, deleting communications, and changing passwords and login credentials.

71.    Upon information and belief, Defendants obtained information from Plaintiff's protected computers as a result of unauthorized access.

72.    Upon information and belief, Defendants obtained the access to Plaintiff's computer system through the use of interstate communications.

73.    Plaintiff has a private cause of action under the CFAA pursuant to 18 U.S.C. § 1030(g), which provides that "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief" if the conduct "involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V)" of Section 1030(c)(4)(A)(i).

74.    Under 18 U.S.C. § 1030(a)(4)(A)(i)(I), a civil action may be maintained upon a showing of a "loss to 1 or more persons during any 1-year period … aggregating at least $5,000 in value."

75.    Upon information and belief, Defendants also knowingly and with the intent to defraud Plaintiffs, accessed the protected computer and obtained information with a value in excess of $5,000.

76.    Plaintiff requests that the Court grant temporary, preliminary, and permanent injunctions against each Defendant under 18 U.S.C. § 1030(g), enjoining

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

them:

    (a) From further access to Plaintiff's Protected Information;

    (b) From use of Plaintiff's Protected Information;

    (c) To return all company property, including all copies of Plaintiff's Protected Information; and

    (d) Pending discovery and final judgment in this action, from deleting or altering in anyway the data, metadata, information, files, records and documents contained on any company electronic device or computer, or any device in their possession, custody, or control containing data, files, records, information accessed or downloaded from company computers, Slack channels, or cloud computer-based accounts;

    (e) Soliciting or initiating contact with any distributors or retailers engaged in the sale or distribution of guitar pedals; and

    (f) Owning, managing or being employed by any business engaged in the sale or distribution of guitar pedals.

77.    Plaintiff has and will continue to suffer irreparable harm unless Defendants are so enjoined. Plaintiff lacks an adequate remedy at law to protect it from this harm and to compensate it for the damages and loss suffered and that it will continue to suffer.

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

## FOURTH CLAIM FOR RELIEF

### (Fraud and Conspiracy to Commit Fraud)

78.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though set forth fully herein.

79.    Upon information and belief, Defendants, individually and in concert, knowingly made false representations of material facts to Plaintiff, including, but not limited to their assertions that Defendants were continuing to work on behalf of Catalinbread, when in fact they were actively planning to compete against Catalinbread and destroy its value.

80.    Upon information and belief, Defendants intended that Plaintiff act on false representations in a manner reasonably contemplated.

81.    Plaintiff was not aware of the falsity of Defendant's representation.

82.    Plaintiff rightfully and reasonably relied on the truth of Defendant's representation by continuing to employ each of them until Plaintiff ultimately uncovered the truth about their plans.

83.    Plaintiff suffered injuries as the actual and proximate result of Defendant's false representation.

84.    Upon information and belief, Defendants had a meeting of the minds on the object and course of action in one or more unlawful overt acts in furtherance of said fraud.

85.    As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount to be determined at trial.

---

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

## FIFTH CLAIM FOR RELIEF

### (Intentional Interference with Business Relations)

86.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though set forth fully herein.

87.     Plaintiff has a valid business relationship with distributors, retailers and consumers.

88.     Upon information and belief, Defendants, individually and in concert, intentionally interfered with said relationship.

89.     At the time of interference, Defendants were no longer associated with Plaintiff and were therefore a third party.

90.     Upon information and belief, Defendants' interference was accomplished through improper means and for an improper purpose.

91.     Upon information and belief, Plaintiff suffered damage to economic relations with distributors, retailers and consumers as an actual and proximate result of Defendants' interference in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract)

92.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though set forth fully herein.

93.     Defendants were paid for contracted services pursuant to written and oral agreements effective through resignation or termination in or about October 2017.

---

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

94.     Defendants breached the agreement by failing to perform the contracted services.

95.     As a direct and proximate result of Defendants' breach, Plaintiff has been damaged in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
### (Trespass to Chattels)

96.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though set forth fully herein.

97.     Upon information and belief, Defendants, individually, and in concert, intentionally exercised dominion and control of Plaintiff's tangible and intangible property, including intellectual property.

98.     In exercising dominion and control of Plaintiff's property, Defendants dispossessed Plaintiff of property's value.

99.     Plaintiffs suffered actual injury as the actual and proximate result of Defendants' dominion and control of Plaintiff's property in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

100.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though set forth fully herein.

101.    Each Defendant, while they were Plaintiff's employees, trusted with access to confidential and proprietary information, owed to Plaintiff fiduciary

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

duties, including, but not limited to the duties of undivided loyalty, utmost good faith, full, fair and frank disclosure, and fair dealing.

102.    Each Defendant breached his fiduciary duties to Plaintiff as specifically set forth in the above-stated allegations, and including, but not limited to:

(a) Accessing and downloading the company's confidential and proprietary information, data, files, trade secrets, records, and accounts;

(b) Deleting the company's confidential and proprietary information, data, files, trade secrets, records, and accounts from company systems;

(c) Preparing to use confidential information and trade secrets to solicit Plaintiff's clients, solicit the company's employees, and otherwise compete with Plaintiff after they separated from the company;

(d) Developing competing products with company trade secrets and planning a creating a competing company while on paid company time and with company computer and internet assets; and

(e) Committing other acts, as detailed herein, to the detriment of the company.

103.    As a result of Defendants' breach of their fiduciary duties, Plaintiff has been damaged in an amount to be proven at trial, and is entitled to compensatory and punitive damages.

## DEMAND FOR JURY TRIAL

104.    Plaintiff demands trial by jury on all appropriate claims.

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants and each of them as follows:

    a.  For permanent injunctive relief as requested herein, including, but not limited to, enjoining Defendants:

        1.  From further access to Plaintiff's Protected Information;

        2.  From use of Plaintiff's Protected Information;

        3.  To return all company property, including all copies of Plaintiff's Protected Information;

        4.  Pending discovery and final judgment in this action, from deleting or altering in anyway the data, metadata, information, files, records and documents contained on any company electronic device or computer, or any device in their possession, custody, or control containing data, files, records, information accessed or downloaded from company computers, Slack channels, or cloud computer-based accounts;

        5.  Soliciting or initiating contact with any distributors or retailers engaged in the sale or distribution of guitar pedals; and

        6.  Owning, managing or being employed by any business engaged in the sale or distribution of guitar pedals.

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

b. On Plaintiff's First Claim for Relief (Misappropriation of Trade Secrets, Federal), in an amount to be determined at trial, but for not less than $200,000;

c. On Plaintiff's Second Claim for Relief (Misappropriation of Trade Secrets, State), in an amount to be determined at trial, but for not less than $200,000;

d. On Plaintiff's Third Claim for Relief (Computer Fraud and Abuse Act), in an amount to be determined at trial, but for not less than $200,000;

e. On Plaintiff's Fourth Claim for Relief (Fraud and Conspiracy to Commit Fraud), in an amount to be determined at trial, but for not less than $200,000;

f. On Plaintiff's Fifth Claim for Relief (Intentional Interference with Business Relations), in an amount to be determined at trial, but for not less than $200,000;

g. On Plaintiff's Sixth Claim for Relief (Breach of Contract), in an amount to be determined at trial, but for not less than $200,000;

h. On Plaintiff's Seventh Claim for Relief (Trespass to Chattels), in an amount to be determined at trial, but for not less than $200,000;

i. On Plaintiff's Eighth Claim for Relief (Breach of Fiduciary Duty), in an amount to be determined at trial, but for not less than $200,000;

j. For Plaintiff's reasonable attorneys' fees, costs, and disbursements incurred herein; and

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210

k. Such other and further relief as the Court deems just and proper.

Dated: October 9, 2018

/s/ Aaron J. Cronan
Aaron J. Cronan, OSB 082964
Attorney for Plaintiff Catalinbread

Cronan Law LLC
4207 Woodstock Blvd #440
Portland, OR 97206
Tel: (503) 482-9210